UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGIA-PACIFIC CORRUGATED LLC, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-01035-DAD-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 10) |

This matter is before the court on plaintiff's motion to remand this action to the Stanislaus County Superior Court. (Doc. No. 10.) On June 4, 2024, plaintiff's motion was taken under submission to be decided on the papers. (Doc. No. 12.) For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On February 20, 2024, plaintiff Zachary Roberts filed this employment action against his former employer, defendants Georgia-Pacific Corrugated LLC ("GP Corrugated LLC") and Georgia-Pacific LLC. (Doc. No. 1-1 at 4.) Defendants removed this action to this federal court pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds that diversity jurisdiction exists because the amount in controversy is at least $75,000, and plaintiff and defendants are citizens of different states. (Doc. No. 1.) Specifically, defendants allege in their notice of removal that plaintiff is a citizen of California and that defendants are citizens of Kansas. (Doc. No. 1 at 2, 4–5.)

1

On May 3, 2024, plaintiff filed the pending motion to remand arguing only that the evidence defendants submitted in connection with their removal is insufficient to establish that defendant GP Corrugated LLC is a citizen of Kansas. (Doc. No. 10.) Plaintiff does not contest that he is a citizen of California, that defendant Georgia Pacific LLC is a citizen of Kansas, and that the amount in controversy requirement has been satisfied.

On May 17, 2024, defendants filed an opposition to the pending motion, acknowledging a few scrivener's errors in their notice of removal and clarifying the chain of owners/members of defendant GP Corrugated LLC. (Doc. No. 11.) Along with their opposition, defendants also submit additional evidence in support of their notice of removal, specifically a declaration from Mark Berry, Georgia-Pacific's Chief Counsel for Corporate Governance, who provided a detailed explanation of the GP Corrugated LLC's chain of ownership that culminates in the ultimate parent company of the LLCs being Koch Industries, Inc., a corporation that is a citizen of Kansas. (Doc. Nos. 11 at 4–6; 11-1 at ¶ 1, 4, 5.)

Plaintiff did not file a reply thereto.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to

the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

## ANALYSIS

In the pending motion to remand, plaintiff challenges the sufficiency of the evidence that defendants submitted with their notice of removal in attempting to establish diversity of citizenship, specifically with regard to defendant GP Corrugated LLC's citizenship. (Doc. No. 10.) While there was some lack of clarity in the notice of removal with regard to the citizenship of GP Corrugated LLC, defendants have since provided additional evidence in connection with their opposition to the pending motion. (Doc. No. 11.) Providing additional evidence in this fashion to cure purported deficiencies with the notice of removal is permissible. *See Renazco v. Unisys Tech. Servs., L.L.C.*, No. 14-cv-4204-EMC, 2014 WL 6882589, at *2 (N.D. Cal. Dec. 5, 2014) ("Where a removal notice lacks sufficient evidence, a court may also treat the removal notice as amended by later-filed affidavits in opposition to a motion to remand."); *Bratton v. FCA US LLC*, No. 17-cv-01458-JSW, 2017 WL 11687946, at *7 (N.D. Cal. June 22, 2017) (noting that "it is well established that a defendant may amend a deficient notice of removal through its opposition to a motion to remand").

The court has reviewed the additional evidence that defendants submitted and finds that defendants have shown by a preponderance of the evidence that GP Corrugated LLC is a citizen of Kansas for the purposes of determining diversity jurisdiction. (Doc. No. 11.) Notably, plaintiff did not file a reply in support of their motion to remand, apparently conceding that defendants have now sufficiently established diversity jurisdiction in this case. Thus, plaintiff's motion to remand this case to the Stanislaus County Superior Court will therefore be denied.

/////

/////

**CONCLUSION**

For the reasons explained above, plaintiff's motion to remand (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated: **August 15, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE